# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: MELISSA LEIGH THOMAS | § | CASE NO. 19-10712-TMD |
| | § | |
| DEBTOR | § | CHAPTER 13 |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN AND REQUEST FOR INTERIM DISBURSEMENT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now Deborah B. Langehennig, Chapter 13 Trustee (hereinafter "Trustee") in the above-captioned and numbered bankruptcy proceeding, and files this *Objection to Confirmation of Proposed Chapter 13 Plan and Request for Interim Disbursement*. The Trustee submits the proposed Plan does not meet the requirements of 11 U.S.C. § 1325(a) and/or § 1325(b) and in support would respectfully show the Court the following:

I.

The Debtor is delinquent in making Plan payments in the amount of $3,315.00.

II.

The Debtor must submit Domestic Support Obligation contact information as discussed at the Section 341 Meeting of Creditors held on July 10, 2019.

III.

The Debtor's Schedule C needs amendment to properly exempt personal property as discussed at the Section 341 Meeting of Creditors held on July 10, 2019.

IV.

The Plan doesn't pay liquidation pursuant to U.S.C. Section 1325(a)(4) as discussed at the Section 341 Meeting of Creditors held on July 10, 2019.

V.

The Debtor's Plan doesn't provide for full receipt of all projected disposable income. The Debtor has scheduled a plan payment which will not pay the amount per the Form 122-C Statement of Current Monthly Income discussed at the Section 341 Meeting of Creditors held on July 10, 2019.

## VI.

The Debtor's Plan doesn't provide for all projected disposable income. The monthly net income listed on Schedule J is higher than the Debtor's proposed Plan payment as discussed at the Section 341 Meeting of Creditors held on July 10, 2019.

## VII.

The Trustee requests an update on the accounts receivable from GDIT as discussed at the Section 341 Meeting of Creditors held on July 10, 2019.

## VIII.

To the extent that the Trustee has funds on hand at the time of the next and future disbursements to creditors, the Trustee requests that should confirmation of the proposed Plan be denied or reset, she be authorized to immediately disburse on a monthly basis, pre-confirmation, the funds on hand to creditors with allowed secured and/or priority claims provided for in the proposed Plan on a pro rata basis.

## PRAYER

The Trustee requests that the Debtor appear at the confirmation hearing. If these issues are not fully resolved, the Trustee requests that confirmation be denied and that the case be dismissed.

Respectfully submitted,

/s/ Deborah B. Langehennig
Deborah B. Langehennig, Chapter 13 Trustee
6201 Guadalupe Street
Austin, Texas 78752
(512) 912-0305
www.ch13austin.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE:

                                                                               CASE NO.    19-10712-TMD

MELISSA LEIGH THOMAS

DEBTOR                                                     CHAPTER 13

## CERTIFICATE OF SERVICE

      I, Deborah B. Langehennig, certify that a true and correct copy of the Chapter 13 Trustee's Objection to Confirmation of Proposed Chapter 13 Plan and Request for Interim Disbursement has been mailed by US Mail (unless otherwise notated) to the Debtor and the Debtor's Attorney of Record at the addresses listed below on or about July 20, 2019.

LAW OFFICES OF SUSAN G. TAYLOR
1502 WEST AVENUE
AUSTIN, TX 78701
(SERVED ELECTRONICALLY)

MELISSA LEIGH THOMAS
11140 PINEHURST DR.
AUSTIN, TX 78747

U.S. TRUSTEE
903 SAN JACINTO, SUITE 230
AUSTIN, TX 78701
(SERVED ELECTRONICALLY)

                                                   Respectfully submitted,

                                                   /s/  Deborah B. Langehennig

                                                 Deborah B. Langehennig
                                                 6201 Guadalupe Street
                                                 Austin, TX 78752